Davis Locke *vs.* George L. Stearns & another.

All the members of a firm are answerable for a fraud committed by one of them — or by their agent acting within the scope of his authority — in the sale of partnership property.

Trespass upon the case in the nature of deceit. The declaration alleged that the defendants fraudulently sold to the plaintiff divers quantities of meal, as and for linseed meal, which was in

fact a mixture of linseed meal and teelseed meal ; the latter be-
ing of a quality inferior to the former, and of less value.    The
action was commenced against G. L. Stearns, H. L. Stearns
and G. C. Hall, but the writ was not served on Hall.

At the trial in the court of common-pleas, before *Strong*, J.
it was proved or admitted, that the three persons above mention-
ed were in partnership in the business of manufacturing oil from
linseed, at their factory in Medford ; that the selling of linseed
meal was within the regular business of said partnership ; that
the meal mentioned in the plaintiff's declaration was sold to him
as hereinafter stated ; and that, at the time of the sale thereof,
L. Richardson was the foreman of the defendants in their said
factory.

It was in evidence that teelseed was recently introduced into
this country, and that the defendants began to use it in the mak-
ing of oil, as a substitute for linseed, in the latter part of the
year 1837 ; and that they, or some of them, began to mix the
teelseed meal with the linseed meal, about the middle of Janua-
ry, 1838 : That said Richardson, about that time, was directed
by G. L. Stearns, to mix the two kinds of meal, and that H
L. Stearns had said that " they put in one half teelseed meal, in
the meal which they sold ; and that their cattle would not eat
the teelseed meal, unless linseed meal was mixed with it ": That
the meal mentioned in the plaintiff's declaration was sold to him
at different times, during a period of several months, as linseed
meal, by Richardson or by one of the defendants ; that said
meal, or portions of it, was a mixture of teelseed and linseed ;
but that the plaintiff had no notice that it was not all linseed
meal ; and that said meal, so mixed, was of less value than clear
linseed meal.

Among other instructions, given by the judge to the jury,
were these : 1. " That if one of the defendants sold the meal
to the plaintiff, such defendant knowing that teelseed meal was
of an inferior quality and less value than linseed meal, this knowl-
edge would bind all the defendants, and be the same as if they
all knew it.    2. That if L. Richardson, as foreman of the de-
fendants, acting within the scope of his authority, sold the meal

to the plaintiff, he (Richardson) knowing that teelseed meal was of an inferior quality and of less value than linseed meal, this knowledge would bind the defendants, and be the same as if the defendants knew it."

A verdict was found for the plaintiff, and the defendants alleged exceptions to the above instructions.

*Farley*, for the defendants, cited Watson on Partnership, (Amer. ed.) 172. *Pierce* v. *Jackson*, 6 Mass. 245. *Sherwood* v. *Marwick*, 5 Greenl. 295.

*Buttrick*, for the plaintiff, cited *Hern* v. *Nichols*, 1 Salk. 289. *Doe* v. *Martin*, 4 T. R. 66. *Grammar* v. *Nixon*, 1 Stra. 653. Stark on Partnership, 90. *Lobdell* v. *Baker*, (*ante*, 200, 201.) *Attorney General* v. *Siddon*, 1 Tyrw. 41. *Lord North's case*, Dyer, 161. *Bush* v. *Steinman*, 1 Bos. & Pul. 404.

SHAW, C. J. Most of the questions, in the present case, turned upon matters of fact and were decided by the jury. The evidence, taken in connexion with the verdict, shows that the purpose of the plaintiff was to purchase of the defendants linseed meal, and that the defendants, who carried on the business of manufacturing oil from seed, so understood it, but that they, that is, one of them personally, when present, and their foreman and general agent, acting within the scope of his authority, when they were absent, delivered to the plaintiff an inferior article, called teelseed meal, mixed with the linseed, in such a manner as to deceive the plaintiff, who purchased and paid for the whole as linseed, without knowledge of such mixture.

The defendants object to two of the instructions of the court of common pleas, as being incorrect in point of law. [Here the chief justice stated the instructions excepted to.] But we are of opinion that both those instructions were right. For although the action in form charges the defendants jointly for a deceit done by one only, or by an agent, yet it is still a civil action, and the claim is for damages. The deceit was done for the defendants' benefit, by their agent acting under their orders, in the conduct of their general business, and responsible to them ; and when one party must suffer by the wrong and misconduct of another, it is more reasonable that he should sustain the loss, who

reposes the confidence in the agent, than he who has given no such confidence. *Hern* v. *Nichols*, 1 Salk. 289. The point is well illustrated by the law of insurance, where the party is always held responsible *civiliter*, for the fraudulent misrepresentation or other deceit, or for the negligence, of his agent. *Fitzherbert* v. *Mather*, 1 T. R. 12. But the rule is not confined to cases of insurance, in relation to which a somewhat stricter morality, perhaps, is held to prevail; but it is laid down as a general rule of the common law, that the principal is civilly responsible for the acts of his agent. *Doe* v. *Martin*, 4 T. R. 66. In a late case, in which it was held that a master was liable for the acts of his servant in a case *quasi* criminal — as for penalties incurred by a violation of the revenue laws—it was taken for granted, on all sides, that for deceit in articles sold by a servant in the shop of his master, or for acts done in the manufacture of articles in a manufactory usually carried on by the master, the latter is answerable. *Attorney General* v. *Siddon*, 1 Tyrw. 41. *S. C.* 1 Crompt. & Jerv. 220. The rule proceeds upon the ground that the servant is acting within the scope of his authority, actual or constructive. The case of a sheriff who is liable *civiliter*, even in an action of trespass, for the misconduct of his deputy, is another familiar application of the same rule. *Grinnell* v. *Phillips*, 1 Mass. 530. The rule is laid down generally, in a recent compilation of good authority, that though a principal, in general, is not liable criminally for the act of his agent, yet he is civilly liable for the neglect, fraud, deceit or other wrongful act of his agent in the course of his employment, though in fact the principal did not authorize the practice of such acts ; but the wrongful or unlawful acts must be committed in the course of the agent's employment. 3 Chit. Law of Com. & Man. 209, 210.

As to the other point, which is indeed little more than a further application of the same principle ; it is laid down, as the general rule, that one partner is liable *civiliter* for damages sustained by the deceit or other fraudulent act of his copartner done within the scope of his general partnership authority. Collyer on Partnership, 241. *Rapp* v. *Latham*, 2 Barn. & Ald. 795. *Willet* v. *Chambers*, Cowp. 814.

Two cases were cited, by the counsel for the defendant, to support the contrary doctrine ; but we think they are both distinguishable from the present. In *Pierce* v. *Jackson*, 6 Mass. 245, it is said by *Parsons*, C. J. in the course of his opinion, that " a fraud committed by one of the partners shall not charge the partnership." This must be taken in connexion with the subject matter to which it was applied. That action was not brought by an innocent party who had sustained damage by the fraudulent act of a partner in the course of the partnership business. On the contrary, it was a case of competition between different classes of creditors, one of whom was a creditor of one of the partners, and the other claimed a preference as creditor of the firm. But it appeared that one of the partners had, by fraud and by means of a forged indorsement of a note, given or attempted to give the latter creditor a preference to which he was not entitled. It was in reference to this transaction, that the remark above cited was made. The plaintiff, in that case, must have been in collusion with one of the partners to obtain an undue preference ; and to have sustained the claim of preference, under those circumstances, would have been to give effect to a fraudulent and collusive act, in favor of a party to the collusion, against an honest creditor.

The other case cited was *Sherwood* v. *Marwick*, 5 Greenl. 295. In that case, two persons were the beneficial owners of a foreign vessel held in the name of a third person. One of them, under a power from that third person, sold the vessel, and at the time of the sale made a false representation of her national character. The other was sued by the purchaser, in an action to recover damages alleged to have been sustained by reason of such false representation. It was held that he was not liable. The defendant and the seller, in that case, were not general partners, if indeed they were partners at all. The seller was not the general agent of the defendant, nor had he any authority, actual or constructive, to act for him. It seems to us therefore quite clear that the decision in that case is not in conflict with ours in the present.

*Exceptions overruled.*